IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

JAMES JORDANOFF, IV,        )
                            )
    Plaintiff,            )
                            )
vs.                         )   Case No. CIV-15-719-R
                            )
JOSEPH LESTER, Sheriff;     )
HEAD NURSE CINDY,           )
                            )
    Defendants.           )

## REPORT AND RECOMMENDATION

I.    Relevant actions.[1]

   A.    Instant complaint.

      1.    Plaintiff's claims.

James Jordanoff (Plaintiff), appearing pro se and proceeding in forma pauperis, filed this civil action on July 2, 2015, for relief under 42 U.S.C. § 1983. *Jordanoff v. Lester*, Case No. CIV-15-719-R, Doc. 1[2] (W.D. Okla) (*Jordanoff I*).[3]

---

[1] Plaintiff has filed previous actions in this Court but, for ease of understanding, the undersigned refers to the two cases with relevance to this report as *Jordanoff I* and *Jordanoff II*.

[2] Citations to the pleadings reflect this Court's CM/ECF designation.

[3] Plaintiff is a pretrial detainee. The undersigned takes judicial notice of the District Court of Cleveland County's public records showing that Plaintiff is charged with assault and battery with a dangerous weapon and malicious injury to property in Case No. CF-2015-429. *See* http://www.oscn.net/dockets/GetCaseInformation.aspx?db=cleveland&cmid=2197243&number=CF-2015-429 (last accessed Sept. 22, 2015); *see also United States v. Pursley*,
(continued...)

He named two Defendants, Sheriff Joseph Lester and Head Nurse Cindy. *Id.* at 1, 3. He claimed that (1) Head Nurse Cindy, through subordinates, coerced him into consenting to the release of medical documents containing "sensitive info Directly related to plaintiff's current pending criminal case" in violation of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), *id.* at 3, 5, 7-8[4]; (2) "county jail Administration jail officials" denied him due process by hindering his ability to exhaust his administrative remedies, *id.* at 5, 9-10; and (3) "the Facilities Staff has been seeking revenge" "for him being forced to have to take legal action for those violations explained of herein this civil suit" and violated his right to be free from cruel and unusual punishment by failing "to schedule sych Dr. Appoint For over two months," by denying him a shower on June 22, 2015, and by "taking away that privileges as facility was previously allowing suicide watch patients to make phone calls to their families . . . ." *Id.* at 11, 13.

---

[3](...continued)
577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (exercising discretion "to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand") (citation omitted).

[4] Quotations in this report are reproduced verbatim unless otherwise indicated.

2. **Requested relief.**

Due to Defendants' actions, Plaintiff claimed his right to the following relief:

> It is plaintiffs sincere wishes; 1) For County to dismiss current criminal cases with plaintiffs promiss to drop all civil litigation against defendents as long as County does not refile criminal cases against plaintiff; plaintiff promiss's to neither refile any other further civil or any other form of legal proceedings against county [&] Sheriff indeffinately.  2) Plaintiff urges his reasoning and partially having to continue to wage legal littigation against County and Sheriff are those same reasons he sets forth in current [&] past littigation against County Sheriff; (3) Plaintiff ultimately seeks to return to birth origin of father; in Eest Hollywood California to be with his grandfather, Aunts, uncles, and cousins to live out the remainder of his life with Hepititus; C; as current [&] past dealings with County have taken huge toll on plaintiff's life.

*Id.* at 15.

B. **Subsequent complaint.**

1. **Plaintiff's claims.**

Two months after filing *Jordanoff I*, Plaintiff brought a complaint against Defendants "Turn Key Health . . . For Cleveland County jails"; "Board of directors et al" "as Administration"; "Head Nurse Cindy"; and "Nurse Evelyn" who "worked in concert with jail case worker Ms. Williams to obtain plaintiff's mental health records." *Jordanoff v. Turn Key Health*, Case No. CIV-15-940-R, Doc. 1, at 1-3 (W.D. Okla.) (*Jordanoff II*). Though Plaintiff recast his named Defendants, his three claims for relief are *identical* to his three claims in

3

*Jordanoff I*. As the CM/ECF headers on those pages setting out his *Jordanoff II* claims show, *see Jordanoff II*, Doc. 1, at 2, 4, 5, 6, 7, 8, 9, 10, Plaintiff apparently photocopied those pages from his *Jordanoff I* complaint, *see Jordanoff I*, Doc. 1, at 3, 5, 7, 8, 9, 10, 11, 13, and included them in his *Jordanoff II* complaint.

### 2. Requested relief.

In his latter case, Plaintiff claimed entitlement to "punitive damages in the amount of 100,000.00 one hundred thousand dollars for pain/suffering, mental Anguish, . . . ." *Jordanoff II*, Doc. 1, at 11.

## C. Referral.

United States District Judge David L. Russell referred *Jordanoff I* to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). On screening, the undersigned recommends the dismissal of Plaintiff's complaint.

## II. Screening.

Federal law mandates the prompt screening of complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, the court must dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief. *Id.* § 1915A(b).

## III. Analysis.

### A. Plaintiff's complaint does not seek relief cognizable under 42 U.S.C. § 1983, and the complaint is frivolous.

A pro se Plaintiff's pleadings are "construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Whether read broadly or narrowly, the relief Plaintiff requests in *Jordanoff I* is, at its core, release from detention. *Jordanoff I*, Doc. 1, at 15. But "release from custody is not an available remedy in a § 1983 action." *Brown v. Sedgwick Cnty. Sheriff's Office*, 513 F. App'x 706, 707 (10th Cir. 2013). The only relief Plaintiff seeks in *Jordanoff I* – for the State of Oklahoma to dismiss the charges against him so that he can move on with his life – may not be granted by the court. *See* 28 U.S.C. § 1915A(b). Also, read literally, Plaintiff's complaint can be interpreted as nothing more than his attempt to manufacture a bargaining chip to gain his release – Plaintiff will forego civil litigation if the State dismisses all criminal charges – and, under that reading, the complaint is frivolous. *See id.*; *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (A complaint "is frivolous where it lacks an arguable basis either in law or in fact.").

The undersigned recommends the dismissal of Plaintiff's complaint. And, while the court might ordinarily grant Plaintiff leave to amend his complaint in order to request relief cognizable in a § 1983 action, the undersigned recommends dismissal without leave to amend. Plaintiff has already filed *Jordanoff II* in order to seek alternative relief for the identical civil rights violations alleged in *Jordanoff I*.[5]

### B. Pending motions.

#### 1. Motion for order directing Defendants to reply to his July 9, 20_ _, objection to a Report and Recommendation. Doc. 11.

No previous Report and Recommendation was entered in this case. Plaintiff's motion, Doc. 11, is frivolous.

---

[5] Regarding Plaintiff's requested relief, federal habeas relief "is normally not attainable by way of pretrial habeas corpus . . . ." *Capps v. Sullivan*, 13 F.3d 350, 353-54 (10th Cir. 1993) (citation omitted). *See also Forney v. State of Okla.*, No. 98-6234, 1998 WL 840941, at *1 (10th Cir. Dec. 7, 1998) (unpublished op.) (A state pretrial detainee "may not seek habeas relief to forestall state prosecution altogether."). That relief is at odds with the Supreme Court's determination that federal courts should not intervene in state criminal prosecutions begun before institution of a federal suit in the absence of "irreparable injury" that "is both great and immediate." *Younger v. Harris*, 401 U.S. 37, 46 (1971) (internal quotation marks omitted); *see Dolack v. Allenbrand*, 548 F.2d 891, 894 (10th Cir. 1977). ("[T]he fact the accused may have to stand trial is not an 'irreparable injury' . . . ."). Also, Plaintiff has not demonstrated exhaustion of his state court remedies. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies . . . .").

> **2. Motion for appointment of counsel based on Plaintiff's statement "that his mental illness poses huge limitations to his abilities to timely and properly file his legal proceedings . . . ." Doc. 12.**

Plaintiff's motion, Doc. 12, is unsigned and unsupported.

> **3. "Request for defendants to timely respond to Plaintiffs 1983, Claim." Doc. 13.**

The Court did not order service in this case. Plaintiff's motion, Doc. 13, is frivolous.

> **4. Motion for injunction. Doc. 14.**

The court is empowered to "issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). As stated, the Court did not order service in this case and Plaintiff fails to describe any efforts he has made to provide the requisite notice. Doc. 14.

## IV. Recommendation and notice of right to object.

On screening per 28 U.S.C. § 1915A(a), (b), the undersigned recommends the dismissal without prejudice of Plaintiff's complaint because the only relief Plaintiff seeks is not available in a 42 U.S.C. § 1983 action and because the complaint is frivolous. If this recommendation is adopted, the undersigned recommends the denial of all pending motions. Docs. 11, 12, 13, 14.

The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before October 15,

2015, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned also advises Plaintiff that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 25th day of September, 2015.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE