IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES JORDANOFF, IV, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-719-R |
| | ) | |
| JOSEPH LESETER, Sheriff, | ) | |
| HEAD NURSE CINDY, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is the Report and Recommendation of United States Magistrate Judge Suzanne Mitchell, entered on September 25, 2015. Doc. No. 16. Plaintiff filed an objection to the Magistrate Judge's conclusions in the Report and Recommendation ("Objection"). Doc. No. 17. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation *de novo* in light of Plaintiff's objections.

**I. The Magistrate Judge's Report and Recommendation**

The Magistrate Judge recommended that Plaintiff's Complaint be dismissed upon screening pursuant to 28 U.S.C. § 1915A on the basis that Plaintiff's requested relief – that the State of Oklahoma dismiss the criminal charges against him – is not cognizable under 42 U.S.C. § 1983. Doc. No. 16, at 5. The Magistrate Judge indicated that leave to amend would not be proper because Plaintiff had filed an identical action, *Jordanoff v. Turn Key Health*, Case No. CIV-15-940-R (W.D. Okla.) ("*Jordanoff II*"), against

different defendants asserting identical civil rights violations. *Id.* at 6. Head Nurse Cindy is the only defendant from the current action who is also a defendant in *Jordanoff II*.[1]

The Magistrate Judge also recommended denying Plaintiff's remaining motions: (1) Motion for order directing Defendants to reply to his July 9, 20 __, objection to a Report and Recommendation [Doc. No. 11]; (2) Request for Appointment of Counsel [Doc. No. 12]; (3) Request for defendants to timely respond to Plaintiffs 1983, Claim. [Doc. No. 13]; and (4) Motion for Injunction [Doc. No. 14]. *Id.* at 6-7.

## II. Plaintiff's Objection to the Report and Recommendation

Plaintiff filed an objection to the Report and Recommendation ("Objection"), in which he conceded that his requested relief was improper and sought to alter his request to monetary relief in the amount of $100,000.00 "for pain/suffering, mental anguish." Doc. No. 17, at 3. Plaintiff also reasserted his request for appointment of counsel on the basis of his mental health issues and raised for the first time the fact that he did not have access to a law library. *Id.*; *see also* Doc. No. 12.

## III. Analysis

### A. *Dismissal of Plaintiff's Complaint*

In light of Plaintiff's concession, the Court ADOPTS the Magistrate Judge's Report and Recommendation and dismisses Plaintiff's Complaint.

The Court construes Plaintiff's request for monetary relief in his Objection as a motion to amend his Complaint to request relief that is cognizable under Section 1983.

---

[1] Mr. Jordanoff names Defendant Turnkey Health, the "Board of Directors," Head Nurse Cindy LNU, and Nurse Evelyn LNU as defendants in *Jordanoff II*. Sheriff Lester, a defendant in this action, is not named as a defendant in *Jordanoff II*.

However, the Magistrate Judge recommended that Plaintiff not be permitted such an amendment because Plaintiff's claims in *Jordanoff II* (Case No. 15-940) are for identical civil rights violations and causes of actions. Doc. No. 16, at 6. The undersigned agrees, particularly because Plaintiff now seeks the exact relief in this action, $100,000.00 "for pain/suffering, mental anguish," as he does in *Jordanoff II*. *Compare* Doc. No. 17, at 3 *with Jordanoff II*, Doc. 1, at 11. While the defendants in both actions are not identical, if Plaintiff seeks to include Sherriff Lester as a party in *Jordanoff II* (Case No. 15-940), he may seek to do so by seeking to amend his complaint in that action.

### B. *Plaintiff's Remaining Motions [Doc. Nos. 11, 12, 13, 14]*

In light of the foregoing, the Court DENIES Plaintiff's pending motions. The undersigned acknowledges that Plaintiff seeks appointment of counsel based on, as represented in his Objection, his lack of access to a law library and his mental health issues. He may resubmit this request in one of his other pending matters. The Court cautions Plaintiff that it is his burden to show that appointment of counsel is necessary, and that the Court considers several factors to decide if appointment is appropriate. These factors include the merits of the claim, the nature and complexity of the legal and factual issues, and Plaintiff's ability to investigate the facts and present his claims. *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).

## IV. Conclusion

As set forth above, the Court ADOPTS the Report and Recommendation of the Magistrate Judge and:

1. **DISMISSES** Plaintiff's Complaint WITHOUT PREJUDICE; and

2. **DENIES** Plaintiff's remaining motions:

    (a)    Motion for order directing Defendants to reply to his July 9, 20 __, objection to a Report and Recommendation [**Doc. No. 11**];

    (b)    Request for Appointment of Counsel [**Doc. No. 12**];

    (c)    Request for defendants to timely respond to Plaintiffs 1983, Claim. [**Doc. No. 13**]; and

    (d)    Motion for Injunction [**Doc. No. 14**].

IT IS SO ORDERED this 29th day of December, 2015.

_/s/ David L. Russell_
**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**